This was an action on the case for an injury by one John Lytle, a servant of the Rockland Manufacturing Company, in running *Page 68 
against the gig of plaintiff, and grievously injuring her. It appeared in evidence that the plaintiff, being a lady in delicate health, was invited by her physician to take a ride in his gig for the benefit of her health. She was driven by her brother up the "Wilmington and Kennet Turnpike road," and being on the right hand side of the road, they were met by Lytle, who was in the employ of defendants, and at the time driving a one horse wagon belonging to defendants. The Wilmington and Kennet road has three tracks; the centre, which is turnpike, and a summer road on each side. Lytle was on the left hand summer road travelling at a moderate pace, and when very near to plaintiff, attempted to turn up on the turnpike; but, being too late, the carriages came into collision, plaintiff's horse ran off, tore the gig to pieces, and very seriously injured her. Plaintiff could not have turned out to the right, there being a ditch on that side of the road.
In the course of the evidence a physician described the injury done to the plaintiff by this accident, and was then asked his opinion as a medical man, of its future consequences upon her health. This was objected to.
J. A. Bayard. — In this action the recovery can be only for the damage that has already been sustained, and not for remote consequences.
Gilpin. — The question is of injury done: if that injury is incurable and to last through plaintiff's life, we have a right to prove it by the physician, and to recover damages on account of it.
The Court said that the plaintiff might prove the extent of the injury at the time, and if that include an injury for life, it may be given in evidence by the physician, and considered by the jury in assessing damages.
Several questions were raised in the course of the cause. 1st. As to the liability of defendants for the tortious act of their servant. 2d. As to the proof of his being their servant. 3d. The law of the road, and 4th. The extent and measure of damages.
Gilpin, to the jury, for plaintiff.
An individual is liable for the negligence of his servant, and there is no reason why a corporation should not be equally so. 4 Serg. Rawle, 6. Servants of a corporation, like other servants, may subject their employers to answer for acts done in the course of their employment; and the action on the case is the proper remedy. 4 TermRep., 589, Green vs. The New River Company; 16East Rep., Yarborough vs. The Bank of England.
Lytle did not give half the summer road, and he was bound to give all. He was in the wrong by being on the summer road to his *Page 69 
left of the turnpike, and if the accident occurred by the mutual negligence of both parties, he would be liable In other words, Wilson was not bound to turn to the right or give any part of that track to Lytle. The turnpike itself is the centre; on each side there is a track for carriages, the whole of which is for travellers keeping to the right; and if any one unlawfully takes the left road, he puts himself in the way of others, and is liable for any accident occurring even though the immediate collision should not have been wholly attributable to his negligence. 5 Esp. Rep. 273; 3 Com, Law. Rep.
283. This is so not only by the general law of the road, but by the express provisions of the Wilmington and Kennet turnpike law. 4Del. Laws, 367, Sec. 20. "All drivers of carriages, whether of burden or pleasure, using the said road, shall keep on the right hand side of the said road, leaving the other side free and clear for other carriages to pass and repass."
It is admitted that a master is liable for the negligence of his servant, and a corporation is equally liable for the negligence of their servant, who may be shown to be such by proof of recognition and customary employment, without showing a special appointment under seal.
The general law of the road has been correctly stated as requiring all travellers to keep sufficiently to the right to afford a safe and free passage to all others meeting them; and this rule is expressly enacted in the law which authorized the construction of the road on which this occurrence took place, which law governs this case. According to that law the defendant's servant was in an unlawful *Page 71 
position at the moment of meeting the plaintiff's gig; he did not "keep on the right hand side of the road," nor did he "leave the other side free and clear for other carriages to pass."
The plaintiff is not entitled to recover in this action for the damage done to the gig in which she was riding. It was lent to her by Doctor Askew, and broken without any neglicence on her part. If a person lend an article to another, the bailee is bound to take such care of it as a "very careful and vigilant man" would exercise in regard to his own property; and if it is injured without any negligence or fault on his part, he is not legally liable to the owner.
Jones on Bailment, 75.
Verdict for plaintiff. $150 damages.